UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES RIVER INSURANCE COMPANY, a
foreign corporation,

    Plaintiff,

vs.                                              CASE NO. 8:06-CV-1690-T-17-MAP

GROUND DOWN ENGINEERING, INC., a
Florida corporation; LAUREL A. HALL,
individually; and PRIORITY DEVELOPMENT,
L.P., a Foreign Limited Partnership,

    Defendants.
_____/

**ORDER**

This cause is before the Court on Defendant's, Priority Development, L.P. ("Priority"), Dispositive Motion to Dismiss or for Summary Judgment, filed on October 10, 2006 (Dkt. 6), Defendant's, Ground Down Engineering, Inc. and Laurel A. Hall ("GDE" and "Hall"), Dispositive Motion to Dismiss or for Summary Judgment, filed on October 18, 2006 (Dkt. 13), Plaintiff's response thereto and Cross-Motion for Summary Judgment, filed on November 7, 2006 (Dkt. 18), Defendant's, Priority Development, response thereto, filed on November 7, 2006 (Dkt. 19), Defendant's, Ground Down Engineering and Laurel A. Hall, response thereto, filed on November 8, 2006 (Dkt. 22), Plaintiff's Supplemental Authority in Opposition to Defendant's Motion for Summary Judgment, filed on November 15, 2006 (Dkt. 23), and Plaintiff's Supplemental Authority in Support of its Motion for Summary Judgment, filed on November 15, 2006 (Dkt. 24).

1

For the reasons set forth, Defendants' Dispositive Motions to Dismiss are **GRANTED** with prejudice, without leave to amend.

## BACKGROUND

On or about August 6, 2003, Defendant Laurel A. Hall, an engineer for Ground Down Engineering, Inc., completed a Phase I Environmental Site Assessment ("Phase I") on certain real property and prepared a report thereon. Defendant Priority Development subsequently purchased the property, and on or about December 18, 2003, Priority began to develop the property and discovered buried: (i) construction debris, (ii) several 55-gallon drums, and (iii) one half of an underground storage tank. Priority has since filed a four (4) count civil suit ("Priority Complaint") in the Circuit Court for Hillsborough County, Florida, against Defendants GDE (for Breach of Contract, Promissory Estoppel, and Negligent Misrepresentation) and Hall (for Negligence) due to their representation that Priority had a right to rely on the Phase I assessment in purchasing the property. Those counts are based on allegations that GDE and Hall failed to perform the Phase I assessment in compliance with American Society for Testing and Materials ("ASTM") and local environmental engineering standards, not alleging that GDE or Hall's conduct caused pollution of any kind. After being served with the Priority Complaint, GDE and Hall submitted a demand to Plaintiff James River Insurance Company ("Insurer") to defend and indemnify them in the Priority Complaint in accordance with a professional liability insurance policy (the "Policy") issued to GDE and Hall.

Insurer then filed this action for declaratory relief against GDE, Hall, and Priority alleging that the Policy does not cover the liability for GDE's and Hall's alleged negligence in failing to properly perform the Phase I Environmental Site Assessment.

The Insurer bases the claim on Provision 2 of the Policy's Combined General Endorsement, which it claims is an Absolute Pollution and Pollution Related Liability Exclusion ("Pollution Exclusion" clause). The portions of the Pollution Exclusion clause which are in controversy are as follows:

> All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any other person or entity is excluded throughout this policy.
>
> This insurance does not apply to any damages, claim or suit arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" …
>
> "Pollutants" mean any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals, or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.
>
> This exclusion applies regardless of whether:
> 1. An alleged cause for the injury or damage is the insured's … wrongful act.

## STANDARD OF REVIEW

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire,* Inc., 902 F. Supp. 232 (M.D. Fla. 1995). Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Am Ass's of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla 2002) (citing *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th cir. 1971). When a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorena N.A.*, 534 U.S

3

506, 512 (2002). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). The trial court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 104 S. Ct. 2229, 81 L. Ed. 2d 59, 104 (1974), *Howry v. Nisus, Inc.*, 910 F. Supp. 576 (M.D. Fla 1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991), cert. denied, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

## DISCUSSION

Defendants seek to dismiss Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. 6). Defendant Priority alternatively files its motion as a Motion for Summary Judgment. The Court will not entertain the Motion for Summary Judgment as the parties have not had the opportunity for discovery and such motion is, therefore, premature. As stated in *Celotex Corp. v. Catrett*, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery…" 477 U.S. 317, 322 (1986). As such, Defendants' Motion to Dismiss will be decided on the four (4) corners of Plaintiff's Complaint. Defendants GDE and Hall adopt and incorporate Defendant Priority's Motion to Dismiss with Prejudice and seek the same relief as sought by Defendant Priority. (Dkt. 13).

Defendants assert that Plaintiff's Complaint should be dismissed with prejudice because the Insurer is not entitled to avoid coverage based on the Pollution Exclusion set forth in the Complaint, and in assuming the truth of the Insurer's factual allegations in the Complaint, the Pollution Exclusion does not apply. (Dkt. 6).  Defendants proffer that the Insurer therefore owes an absolute duty to defend GDE and Hall because Priority's claim against GDE and Hall falls squarely within the scope of the Policy's coverage.  In addition, Defendants assert that the Pollution Exclusion does not apply because it lacks a nexus between the pollution at issue and the services performed by GDE and Hall, and that Priority's claim does not arise out of pollution, discharge of pollution, or expenses related thereto.

Plaintiff's Complaint seeks a judgment, pursuant to 28 U.S.C. §2201, declaring that a professional liability insurance policy does not cover the liability for its insured's alleged negligence in failing to properly perform a Phase I Environmental Site Assessment. (Dkt. 1).  This Court finds a lack of precedent on-point to the pivotal issue surrounding the application of such a Pollution Exclusion within a professional liability insurance policy, where the pollution at issue was not actually or proximately caused by the insured.  Therefore, this Court is left to determine preclusive effect of the Pollution Exclusion submitted in Plaintiff's Complaint squarely based upon its terms in relation to Defendants GDE and Hall's acts or omissions in submitting the Phase I, upon which Defendant Priority relied in purchasing the real property.

In Plaintiff's Response in Opposition to Defendants' Dispositive Motion to Dismiss, and Cross-Motion for Summary Judgment (Dispositive), Plaintiff claims that this case can and should be disposed of in Plaintiff's favor at this stage.  Plaintiff asserts

that the Pollution Exclusion bars coverage due to included language in the Policy stipulating that "liability and expense arising out of or relating to any form of pollution…regardless of whether an alleged cause for the injury or damage is the Insured's…wrongful act." (Dkt. 18).  Plaintiff further states that the question of law for the Court to decide is whether damages arising from or relating to a negligently performed Phase I assessment fall within the subject exclusion.  Despite the abundance of professional liability policies, and despite the inclusion of similarly situated Pollution Exclusion clauses as conceded to by Plaintiff, Plaintiff has failed to produce precedential case law pertaining to factual circumstances where a Pollution Exclusion bared coverage where the pollution itself was not actually or proximately caused by the insured's acts or omissions covered under the Policy.  In speculation, it logically follows that this Court is hard pressed to locate such precedent due to a lack of necessity in litigating an insurer's liability under these factual circumstances.

In citing *Deni Associates of Florida, Inc. v. State Farm Fire & Casualty Ins. Co.*, 711 So.2d 1135 (Fla. 1998), Plaintiff takes note that factual differences exist where the insured architectural engineering firm **caused** ammonia to spill, as well as accidentally spraying insecticide on bystanders (details omitted in Plaintiff's Complaint and Cross-Motion), thereby resulting in injuries.  There, the Court framed the issue as deciding the legal efficacy of the Pollution Exclusion. *Id*. at 1137.  It held the Pollution Exclusion was plain and unambiguous, and that there was no coverage for the subject claims. *Id*. at 1140.  Subsequently, the Eleventh Circuit followed suit in *Technical Coating Applicators, Inc. v. United States Fidelity and Guaranty Co.*, 157 F.3d 843, 846 (11th Cir. 1998), where the Court denied coverage to a roofing contractor for injuries sustained

6

by employees and students injured by vapors emitted by products used in repairing roof at school (material facts omitted in Plaintiff's Complaint and Cross-Motion).  Plaintiff infers that because the Pollution Exclusion precluded liability where the insured **caused** the pollution, that it should also extend to preclude liability here where the insured is alleged to have failed to adequately perform the Phase I assessment.  Plaintiff's attempt to construe the Supreme Court of Florida's holding in *Deni* as so broad as to extend to the facts in this case falls short of meriting any possibility that further litigation would result in Plaintiff proving any set of facts in the Complaint that would entitle him to relief.

      Plaintiff asserts that while the insureds caused the pollution that resulted in injuries in both *Deni* and *Technical Coating Applicators*, the essential holdings do not turn on that point, but on the plain language of the exclusion.  Plaintiff relies on the following statement from those cases that say, "As a court, we cannot place limitations upon the plain language of a policy exclusion simply because we may think it should have been written that way." Deni, 711 So.2d at 1130; Technical Coating Applicators, 157 F.3d at 849 (same).  Plaintiff argues that the same rules of contract interpretation in those cases defeat Defendants' arguments here.

      In light of the uncontested facts showing Defendants GDE and Hall in no way **caused** the pollution, it would be unconscionable at best to interpret a professional liability insurance policy as covering anything of substance if this Court were to construe the language of the Pollution Exclusion to limit the Insurer's liability **related to any form of pollution, regardless of causation resulting from the insured's wrongful act**.  If so construed, liability for negligence in any shape or form would be precluded with

7

ease by attaching any relation, as far removed as one could imagine, to pollution. According to the Pollution Exclusion, "'Pollutants' mean any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or 'waste'". (Dkt. 1).  The plain language of the exclusion itself could preclude an insurer's liability for **<u>any negligent act or omission</u>** by the insured otherwise covered within the fundamental underlying purpose of coverage in a professional liability insurance policy.  It would be unconscionable and outrageous to interpret the plain meaning of the Pollution Exclusion as proposed by Plaintiff, and would be a vehicle for insurers to escape liability in future legitimate claims.  This analysis is consistent with *Deni* by not adopting a doctrine of "reasonable expectations" in that if the Pollution Exclusion was interpreted as precluding liability here, then the Policy would fail of its essential purpose altogether.

Defendants assert that the polluting materials were placed on the property prior to the time GDE and Hall conducted the Phase I assessment, therefore, the required nexus between the insured's acts and the pollution does not exist here.  Additionally, Priority's claim against GDE and Hall does not arise out of any discharge or expense related to pollution, but rather seeks coverage for a claim arising out of their failure to properly conduct the Phase I.  Persuasive authority offering similar factual circumstances confirm the notion that the Pollution Exclusion does not preclude liability where there is a claim arising from a professional's failure to carry out appropriate responsibilities under the particular circumstances. *Evanston Ins. Co. v. Treister*, 794 F.Supp. 560, 572 (D.C. Virgin Islands 1992).  There, the court held that the insurer was not entitled to avoid

coverage based on a pollution exclusion where the underlying claim was based on an architect's negligent design and approval of construction of water and sewer lines at a housing project. *Id*. at 563.  The opinion explicitly states that the Government did not seek damages arising from the typhoid epidemic that resulted in the architect's negligence, but rather the claim was based on the architect's failure to carry out his responsibilities as the architect of the project. *Id*. at 572.  It was based on his "acts, errors, and omissions as architect for his negligent design and his negligent approval" of the water and sewer lines. *Id*.  Here, GDE's and Hall's alleged negligence and failure to carry out their responsibilities in preparing the Phase I are even more far removed from the pollution itself than the architects negligence was in *Evanston*.  The alleged pollution existed before the Phase I assessment process commenced. The undisputed facts show that Priority's claim against GDE and Hall arises out of a failure to carry out their responsibilities, but does not arise out of the pollution itself.

      Finally, this Court need not consider whether the debris located on the property is classified as a pollutant.  That issue is moot in light of the issue considered above regarding the application of the Pollution Exclusion to these set of facts. Accordingly, it is

9

**ORDERED** that Defendant Priority's, and Defendants GDE and Hall's, Dispositive Motion to Dismiss, (Dkt. 6 and Dkt. 13 respectively), be **GRANTED** with prejudice, without leave to amend and Plaintiff's Cross-Motion for Summary Judgment is **DENIED**.  The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 14th day of June 2007.



Copies to:  All parties and counsel of record